UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| PAMELA A. BOYLE | * | Case No.: 13-24305 DER |
| A/K/A PAMELA ANN BOYLE | | |
| F/D/B/A REMAX ACCLAIMED REALTY | * | Chapter 7 |
| F/D/B/A ACCLAIM REFERRAL, et. al. | | |
| | * | |
| Debtor | | |
| * * * * * * | * | * * * * * |
| BRIAN A. GOLDMAN, TRUSTEE, | | |
| Foxleigh Building | * | |
| 2330 W. Joppa Rd. Suite 300 | | |
| Lutherville, Maryland 21093 | * | |
| | | |
| Plaintiff, | * | |
| | | Adv. Pro. No.: |
| v. | * | |
| | | |
| HELEN ELIZABETH SCHARDT | * | |
| 1151 Date Street | | |
| Montaria, California 94037 | * | |
| | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL AND/OR FRAUDULENT TRANSFER**

The Plaintiff, Brian A. Goldman, Trustee (the "Trustee"), files this Complaint, pursuant to 11 U.S.C. §§ 547, 548 and 550, to Avoid and Recover a Preferential and/or Fraudulent Transfer, and in support thereof, states as follows:

**BACKGROUND**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 547, 548, and 550. This is a core proceeding.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

3. On August 21, 2013, Pamela A. Boyle a/k/a Pamela Ann Boyle f/d/b/a Remax Acclaimed Realty f/d/b/a Acclaim Referral (the "Debtor"), filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Petition Date"). On January 7, 2014, the Debtor, converted her case to one under Chapter 13 of Title 11 of the United States Code. Subsequently, on May 12, 2014, the Debtor moved to convert her case back to Chapter 7 of Title 11 of the United States Code.

4. The Trustee has been appointed the Chapter 7 Trustee, has accepted his appointment, and has qualified as such by having his bond approved.

5. Pursuant to the Debtor's Bankruptcy Schedules, two liens have been placed on the real property located at 9 Tintern Court, Unit #103, Timonium, Maryland 21093 (the "Property"). The first lienholder is JPMorgan Chase Bank, National Association ("JPMorgan Chase"). The second lienholder is the Defendant, Helen Elizabeth Schardt ("Defendant").

6. On December 13, 2013, JPMorgan Chase filed a Motion for Relief from Stay for the Property (the "Motion for Relief") (Docket No. 18). Pursuant to the Motion for Relief, JPMorgan Chase indicated the first lien amount as $106,627.82 (the "Payoff Amount"). On February 21, 2014, JPMorgan Chase voluntarily withdrew its Motion for Relief (Docket No.: 38).

7. On July 2, 2013, within the ninety (90) day period preceding the Petition Date, Defendant executed a Deed of Trust (the "DOT") against the Property in the amount of $100,000.00. A copy of the DOT is attached hereto and incorporated herein as Exhibit A[1].

8. According to the DOT, the Debtor provided Defendant a lien on the Property as security for one hundred thousand dollars ($100,000) that had been previously loaned by

---

[1] It should be noted that Debtor's counsel in bankruptcy, Daniel M. Radebaugh, is also listed as the Trustee on the DOT.

Defendant to the Debtor, in exchange for the DOT. *See* Exhibit A. Critically, the DOT notes that the loan funds were provided interest-free. *See* Exhibit A, Uniform Covenants, Section 1.

9. Defendant's lien on the Property was recorded to secure the repayment of a prior debt owed by the Debtor, thus constituting a preferential transfer. Indeed the language of the DOT, states that the loan constitutes "all sums due under this Security Instrument amounting to One Hundred Thousand Dollars." *See* Exhibit A.

10. On July 17, 2013, just thirty-six (36) days prior to the Petition Date, Defendant recorded the DOT in the Land Records of Baltimore County, Maryland, thereby improving from the position of an unsecured creditor to a secured creditor in a fashion that the Bankruptcy Code deems preferential (the "Preferential Transfer").

11. By executing the DOT on July 2, 2013, seemingly upon the advice of counsel, the Debtor voluntarily made a transfer to Defendant, with actual intent to hinder, delay, or defraud the Debtor's creditors within the two (2) year period preceding the Petition Date, thus constituting a fraudulent transfer (the "Fraudulent Transfer").

## COUNT I
## PREFERENTIAL TRANSFER

12. The Trustee repeats and realleges each and every allegation contained in all of the foregoing paragraphs of this Complaint as though fully set forth herein.

13. The Defendant perfected her security interest in the Property on July 17, 2013, when the DOT was filed in the Land Records of Baltimore County, Maryland. *See* Exhibit A. Therefore, July 17, 2013 is deemed to be the date of the transfer for preference purposes. *See* 11 U.S.C. § 547(e)(2).

14. In the ninety (90) day period preceding the Petition Date, the Debtor transferred property to Defendant through the perfection of the DOT in the Debtor's Property.

15. The Preferential Transfer constitutes a transfer of an interest in the Debtor's property.

16. The Preferential Transfer was to or for the benefit of Defendant, a creditor.

17. The Preferential Transfer was made for or on an account of an antecedent debt owed from the Debtor to Defendant before such transfer was made.

18. At the time the Preferential Transfer was made, the Debtor was, in accordance with the applicable law, insolvent (as that term is defined and used in §§ 101(32) and 547 of the Bankruptcy Code).

19. The Preferential Transfer enabled Defendant to receive more than it would have received if the case were under Chapter 7 of the Bankruptcy Code, if the transfer had not been made, and if such creditor had received payment of such debt to the extent of the provisions provided by the Bankruptcy Code.

WHEREFORE, Brian A. Goldman, Trustee, respectfully requests that this Court grant the Trustee's Motion and order the following relief:

A. That the Preferential Transfer be avoided;

B. That judgment be entered in favor of the Trustee and against Defendant, and that Defendant's DOT in the Debtor's Property be deemed void; and

C. That the Trustee be granted such other and further relief this Court determines to be just and equitable.

## COUNT II
## RECOVERY OF PREFERENTIAL TRANSFER

20. The Trustee repeats and realleges each and every allegation contained in all of the foregoing paragraphs of this Complaint as though fully set forth herein.

21. Pursuant to 11 U.S.C. § 550, the Trustee may recover, for the benefit of the Estate, the property transferred, or, if the court so orders, the value of such property, from the initial transferee of such transfer.

22. The Defendant is the initial transferee of the transfer.

23. Accordingly, the Trustee is entitled to recover the Property, or, if this Court so Orders, the value of the Property.

WHEREFORE, Brian A. Goldman, Trustee, respectfully requests that this Court grant the Trustee's Motion and order the following relief:

A. That the Preferential Transfer be avoided;

B. That the Defendant's lien be avoided;

C. That judgment be entered in favor of the Trustee and against Defendant, entitling the Trustee to sell the Property free and clear of the Defendant's lien, together with any costs of this action;

D. That the Trustee be granted such other and further relief this Court determines to be just and equitable.

## COUNT III
## FRAUDULENT TRANSFER

24. The Trustee repeats and realleges each and every allegation contained in all of the foregoing paragraphs of this Complaint as though fully set forth herein.

25. On July 17, 2013, within the two (2) year period preceding the Petition Date, Defendant recorded the DOT in the Land Records of Baltimore County, Maryland. *See* Exhibit A. However, Defendant did not provide any value to the Debtor in exchange for the DOT, since the DOT was executed to secure repayment of a prior loan, and therefore resulted in a Fraudulent Transfer from the Debtor to the Defendant.

26. Pursuant to 11 U.S.C. § 548(a)(1)(A), the Debtor voluntarily made such transfer with the actual intent to hinder, delay, or defraud the Debtor's creditors.

27. In the alternative, pursuant to 11 U.S.C § 548(a)(1)(B)(i)-(III), the Debtor received less than a reasonably equivalent value in exchange for such transfer.

28. The Debtor was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

29. The Debtor was engaged in business or a transaction for which any property remaining with the Debtor was unreasonably small capital.

30. The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

WHEREFORE, Brian A. Goldman, Trustee, respectfully requests that this Court grant the Trustee's Motion and order the following relief:

A. That the Fraudulent Transfer be avoided;

B. That the DOT be rendered void in accordance with 11 U.S.C. § 548; and

C. That the Trustee be granted such other and further relief this Court determines to be just and equitable.

/s/ Evan M. Goldman
Evan M. Goldman
Federal Bar No.:  27311
Mark Edelson
Federal Bar No.:  29433
Goldman & Goldman, P. A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, Maryland 21093
emg@goldmangoldman.com
(410) 296-0888

Attorneys for Trustee